UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ESTIATORIO ENT. LTD., *doing business as* The Eastchester Odyssey Diner,<br><br>Debtor. | No. 25-CV-5050 (KMK)<br><br>OPINION & ORDER |
| STACEY REALTY ASSOCIATES LLC,<br><br>Appellant,<br><br>v.<br><br>ESTIATORIO ENT. LTD., *doing business as* The Eastchester Odyssey Diner,<br><br>Appellee. | |

Appearances:

Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
Pick & Zabicki LLP
New York, NY
*Counsel for Appellant*

Anne J. Penachio, Esq.
Penachio Malara, LLP
White Plains, NY
*Counsel for Appellee*

KENNETH M. KARAS, United States District Judge:

Sing to the Court, o Muse, of the diner of twists and turns, whose bankruptcy case was driven time and again from state court to here, after it had been closed in the hallowed heights of White Plains. Many hungry customers the Eastchester Odyssey Diner ("Appellee") saw and

learned their orders, many pains its landlord Stacey Realty Associates ("Appellant") suffered, fighting to recoup its rent.[1]

This bankruptcy appeal—the last few verses of a different odyssey than Appellee's namesake—challenges the Bankruptcy Court's order ("Order") denying Appellant's motion to reopen a case that had been closed in 2023, in an effort by Appellant to remove a state-court action between Appellant and Appellee to federal court well after the time to remove had lapsed. Because removal was or would have been untimely, the Bankruptcy Court did not abuse its discretion in declining to reopen the case, so the Order is affirmed.

## I. Background

### A. Factual Background

The following facts are drawn from the Bankruptcy Court's Order, *see In re Estiatorio Ent. Ltd.*, 669 B.R. 676, 680 (Bankr. S.D.N.Y. 2025), and neither party argues they are clearly erroneous.

Appellant leased Appellee the land at 465 White Plains Road in Eastchester, New York (pursuant to the "Lease"), where Appellee ran a business, the Eastchester Odyssey Diner, from a building (the "Building") on Appellant's property. *See In re Estiatorio*, 669 B.R. at 680. As spelled out in the Lease, Appellee owned the Building and its fixtures while Appellant owned the land on which the Building sat. *Id.* Another Lease provision—the enforceability and meaning of which the Parties dispute—required Appellee to forfeit the Building to Appellant in the event of default and following some post-default paperwork. (*See* Appellant's Br. 5 & n.5 (Dkt. No. 6); Appellee's Br. 2–3, 8 (Dkt. No. 7).) After the COVID pandemic, during which Appellant

[1] *See* Homer, The [Eastchester] Odyssey I:1–6 (Robert Fagles trans., Penguin Books Ltd. 1996).

contends Appellee defaulted on the lease, Appellee filed for bankruptcy under Chapter 11. *In re Estiatorio*, 669 B.R. at 680. Appellant successfully moved to convert the bankruptcy to one under Chapter 7. *Id.* The Bankruptcy Court appointed a Chapter 7 trustee (the "Trustee") to administer the disposition of Appellee's assets. *Id.*

One of those assets was the Lease. The Trustee filed a notice of intent to abandon the Lease ("Notice of Abandonment"), finding the Lease had "inconsequential value to administer for the benefit of creditors," and the Notice of Abandonment was served on Appellant. *Id.* The Notice of Abandonment allowed a little over two weeks for objections: it provided that if no objections were filed, the Lease would be deemed abandoned, but if objections were filed, the Bankruptcy Court would schedule hearings to consider them. *Id.* No objections were filed. *Id.* The Bankruptcy Court issued its final decree on November 8, 2023, closing the case. *See In re Estiatorio Ent. Ltd.*, No. 21-22665 (Bankr. S.D.N.Y. Nov. 8, 2023).

Believing itself to then own both the land *and* the Building after the Lease was abandoned, Appellant leased the Building to a new tenant on September 1, 2023, and began construction on it. *In re Estiatorio*, 669 B.R. at 680. (*See also* Appellant's Br. 9.) Believing otherwise, Appellee sued Appellant in New York State Supreme Court, Westchester County on March 28, 2024, "seeking, among other things, to quiet title, a declaration that the Debtor owns the Building and that the new lease is ineffective and [un]enforceable, and to eject the new tenant," contending the abandonment of the lease left Appellee with ownership of the Building. *In re Estiatorio*, 669 B.R. at 680–81. On February 3, 2025, the state court denied Appellant's Motion to Dismiss, but otherwise stayed that Action pending the outcome of the proceedings in Bankruptcy Court and in this Court. *Id.* at 681.

B. Procedural History

On October 15, 2024, about six months after Appellant was served in the state court action, Appellant filed a motion in Bankruptcy Court to reopen the Chapter 7 case and remove the state court action to Bankruptcy Court. *In re Estiatorio*, 669 B.R. at 681. After briefing, argument, and post-argument supplemental briefing, the Bankruptcy Court denied that motion. *Id.* at 690. Appellant filed a Notice of Appeal on June 16, 2025. (*See* Notice of Appeal (Dkt. No. 1).) Appellant filed a brief in support of their appeal on August 12, 2025. (*See* Appellant's Br.) Appellee filed a brief in response on September 11, 2025. (*See* Appellee's Br.) Appellant filed a reply brief on October 14, 2025. (*See* Reply Br. (Dkt. No. 11).)

II. Discussion

A. Standard of Review

A district court reviews a bankruptcy court's findings of fact for clear error and reviews conclusions of law de novo. *See In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000) ("Like the [d]istrict [c]ourt, we review the [b]ankruptcy [c]ourt's findings of fact for clear error, [and] its conclusions of law de novo . . . ." (citation and italics omitted)); *In re Enron Corp.*, 307 B.R. 372, 378 (S.D.N.Y. 2004) ("A bankruptcy court's conclusions of law are reviewed de novo and its findings of fact for clear error." (italics omitted)).

A district court reviews a bankruptcy court's decision whether to reopen a closed case for abuse of discretion. *See Int'l Asset Recovery Corp. v. Thomson McKinnon Sec.*, 335 B.R. 520, 525 (S.D.N.Y. 2005) ("The exercise of the bankruptcy court's equity powers, such as a decision to reopen a closed case, should be overturned only upon a showing that the decision was an abuse of discretion."); *In re Kassover*, 448 B.R. 625, 631 (S.D.N.Y. 2011) ("[D]ecisions to reopen bankruptcy proceedings . . . are overturned only upon a finding that the bankruptcy court

abused its discretion."). A bankruptcy court abuses its discretion when "it bases its decision on an erroneous view of the law or clearly erroneous factual findings." *In re Kassover*, 448 B.R. at 631 (quoting *In re Blaise*, 219 B.R. 946, 950 (B.A.P. 2d Cir. 1998)); *see also In re Woldeyohannes*, No. 24-CV-01590, 2025 WL 1696209, at *3 (D. Conn. June 17, 2025) (same).

B. Analysis

Under Federal Bankruptcy Rule 5010, "[o]n the debtor's or another party in interest's motion, the court may, under [11 U.S.C.] § 350(b), reopen a case." And § 350(b) of the Bankruptcy Code provides that the bankruptcy court "may" reopen a case in three scenarios: "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Appellant and Appellee agree that if something in § 350(b) would have allowed the Bankruptcy Court to reopen this case, it would have been the "other cause" provision. (*See* Appellant's Br. 12; Appellee's Br. 21.)

"The Code does not define 'other cause,' and the decision to reopen is discretionary" for the Bankruptcy Court. *In re Easley-Brooks*, 487 B.R. 400, 406 (Bankr. S.D.N.Y. 2013); *see also* 3 Collier on Bankruptcy ¶ 350.03 (16th ed. 2026) ("While the Code does not define 'other cause' for purposes of reopening a case under section 350(b), the decision to reopen is discretionary with the court."); *id.* ("The court has discretion, after considering all the circumstances, to refuse to reopen a case."). "The decision to reopen or not" for "other cause" turns on "numerous factors including equitable concerns, and ought to emphasize substance over technical considerations." *In re Emmerling*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997). "[C]ertain factors that courts should consider when deciding to reopen a case" include:

> (1) the length of time that the case was closed; (2) whether a nonbankruptcy forum has jurisdiction to determine the issue which is the basis for reopening the case; (3) whether in prior litigation the bankruptcy court determined that a state court would be the appropriate forum; (4) whether any parties would suffer prejudice should the

> court grant or deny the motion to reopen; (5) the extent of the benefit to the debtor by reopening; and (6) whether it is clear at the outset that no relief would be forthcoming by granting the motion to reopen.

*In re Solutia, Inc.*, 653 B.R. 99, 113–14 (Bankr. S.D.N.Y. 2023).

The Bankruptcy Court found "other cause" to reopen the case absent for three reasons: (1) that a motion to reopen should not be treated as a notice of removal, *see In re Estiatorio*, 669 B.R. at 685–86; (2) that even if the motion to reopen could be treated as a notice of removal, it would be untimely because it was filed more than six months from when Appellant was served with the state court complaint, *see id.* at 686–87; and (3) that, on the merits, the Lease was properly abandoned, so reopening the case would not lead to Appellant's requested relief, *see id.* at 688–89. Accordingly, the Bankruptcy Court's denial of the motion to reopen seemingly rested on the sixth "other cause" factor discussed in *In re Solutia*—the indication "that no relief would be forthcoming by granting the motion to reopen." 653 B.R. at 114; *see also* 3 Collier on Bankruptcy ¶ 350.03 (16th ed. 2026) ("Courts will decline to reopen a case when reopening cannot accomplish the goal sought by the moving party . . . [s]imilarly, reopening a case is not a valid substitute for a timely appeal of a decision made during the case.").

As to the propriety of removal, the Bankruptcy Court explained that Federal Rule of Bankruptcy Procedure 9027 requires the removing party to file a notice of removal "within the shorter of . . . 30 days after receiving . . . the initial pleading . . . or . . . 30 days after receiving the summons if the initial pleading [w]as . . . not served with the summons," and that these timelines apply even when a bankruptcy case is closed. *In re Estiatorio*, 669 B.R. at 682–83 (quoting Fed. R. Bankr. P. 9027(a)(3)(A)–(B), and then citing *In re Rife*, 343 B.R. 552, 560 (Bankr. W.D. Va. 2006)). Where a party attempts to remove a state court case to a *closed* bankruptcy case, some

courts have treated a motion to reopen as a notice of removal, and some have not.[2] *See, e.g.*, *In re Rishel*, No. 08-10588, 2009 WL 667216, at *2 (Bankr. N.D. Miss. Mar. 9, 2009) (holding "language in a motion to reopen" indicating a party wanted to remove a case to bankruptcy court was "not sufficient, primarily because removal statutes must be strictly construed, and because there was no actual notice of removal filed . . . within the thirty day period following" service, and rejecting "[t]he argument that the motion to reopen should be treated as an informal notice of removal"), *aff'd sub nom. Merchants & Farmers Bank v. Fryar*, 2010 WL 1462364 (N.D. Miss. Apr. 13, 2010), *appeal dismissed*, 417 F. App'x 395 (5th Cir. 2011); *but see Roberts v. Creighton*, No. 08-CV-1775, 2009 WL 7083320, at *1 & n.1 (D. Md. Feb. 27, 2009) (interpreting a filing "styled . . . as a 'Motion to Reopen' . . . as a motion to remove pursuant to Rule 9027(a)(3)," but agreeing the motion was untimely under Rule 9027), *aff'd*, 332 F. App'x 8 (4th Cir. 2009). The Bankruptcy Court noted the split, but held that "even if [it] treat[ed] the Motion [to Reopen] as a notice of removal, the request for removal here must be denied as

---

[2] The procedural implication of not treating a motion to reopen as a notice of removal is that both motions must be filed separately, and possibly that a motion to reopen must be granted before a notice of removal can even be filed. *See, e.g.*, *In re Superior Air Parts, Inc.*, 486 B.R. 728, 733 n.4 (Bankr. N.D. Tex. 2012) ("In a procedural mis-step, Superior filed its notice of removal together with its Motion to Reopen. Perhaps using the adage 'it is easier to beg forgiveness than ask permission,' Superior did not wait until its Motion to Reopen was granted before it removed the State Court Action."), *aff'd sub nom. Lycoming Engines v. Superior Air Parts, Inc.*, 2014 WL 1976757 (N.D. Tex. July 11, 2014). And the implication of treating a motion to reopen as a notice of removal is that the motion to reopen must be filed in the time provided in the Rules that allow removal. *See, e.g.*, *Roberts v. Creighton*, No. 08-CV-1775, 2009 WL 7083320, at *1 & n.1 (D. Md. Feb. 27, 2009) (treating a motion to reopen as a notice of removal, but nevertheless deeming it, among other defects, untimely under Rule 9027), *aff'd*, 332 F. App'x 8 (4th Cir. 2009). In either scenario, *some* action would be required from the party seeking removal within Rule 9027's deadlines unless excusable neglect is shown. But because Appellant has forfeited this issue, the Court need not, and cannot properly, opine on the right approach.

untimely" because Appellant filed it "more than six months after being served," well outside Rule 9027's 30-day limit, and Appellant "made no . . . attempt" to show excusable neglect for the delay. *In re Estiatorio*, 669 B.R. at 686 & n.4.

Appellant's briefing does not engage at all with the Bankruptcy Court's holdings that the motion to reopen was not a removal, that if it *were* a notice of removal, it would be untimely, and that if it were *not*, no relief would be afforded by reopening the case to receive a defective notice of removal, irrespective of any "close nexus" between the issues in the state court action and in the bankruptcy proceedings. (*See* Appellant's Br. 12–13.)[3] Indeed, Appellant only mentions Rule 9027 in its opening brief when Appellant notes the Bankruptcy Court's holding but ascribes no error to it. (*See id.* at 4.) That forfeits the removal issues, which were standalone reasons for the Bankruptcy Court to deny the Motion. *See Tripathy v. McKoy*, 103 F.4th 106, 118 (2d Cir. 2024) ("It is a settled appellate rule that issues adverted to in a perfunctory manner . . . are deemed forfeited. It is likewise settled that an appellant forfeits any argument not raised in his opening brief." (alterations adopted, citations and quotation marks omitted)).

Those forfeited issues are dispositive here. The Court is no Calypso, and Appellant no Homer—it cannot start *in medias res*, as Appellant would have it, by skipping straight to whether the Bankruptcy Court was right on the merits of whether the Lease or the Building were properly abandoned. It must start where the Bankruptcy Court started, with whether removal would even have been proper in the first place if the case were reopened. *See, e.g.*, *Covanta Onondaga Ltd. v. Onondaga Cnty. Res. Recovery Agency*, 281 B.R. 809, 813 (N.D.N.Y. 2002) ("The first issue

[3] In the Bankruptcy Court proceedings, Appellant argued that Rule 9027(a)(2) applies here, which provides a different timeline for removal of claims that were pending when the bankruptcy proceeding commenced. *In re Estiatorio*, 669 B.R. at 687. As Appellee notes, Appellant has not maintained that position on appeal, and so has forfeited it. (Appellee's Br. 28.)

that must be addressed is whether removal to this court was proper[.]"); *see also U.S. Bank Nat'l Ass'n v. Berkowska*, No. 12-CV-597, 2013 WL 12303038, at *1 n.1 (D. Conn. 2013) ("Because the Court finds that Defendant's notice of removal was untimely it will not address Plaintiff's other arguments."); *In re Parke Imperial Canton*, 177 B.R. 544, 546 (Bankr. N.D. Ohio 1994) ("The first issue to be addressed is whether removal from the state court to this court is proper."). And here, any removal would have been improper because, as explained above and as Appellants do not contest, it was untimely. *See In re Exch. Parts of Am.*, 138 B.R. 585, 587 (Bankr. W.D. Ark. 1992) ("[R]emoval to this [c]ourt was not timely and may not be maintained."). Moreover, "[i]t is improper for a court to enlarge the time for removal on equitable grounds when removal was untimely and no motion was made by the removing party to extend the time for removal," which Appellants necessarily ask the Court to do with this appeal, though they have forfeited any argument that their neglect in timely removing was excusable by failing to so argue in their opening brief. 10A Collier on Bankruptcy ¶ 9027.05 n.6 (16th ed. 2026).

So, faced with a motion to reopen that either *was* an untimely notice of removal, or if granted, would be followed by an untimely notice of removal, and with no case of excusable neglect for the untimeliness, the Bankruptcy Court plainly did not abuse its discretion in finding no "other cause" to reopen the case.[4] Accordingly, the Court affirms the Order.

---

[4] Even if the Court disagreed that the untimeliness of removal meant "other cause" to reopen was absent, the Court would in the alternative conclude that the Building was properly abandoned for a simple reason. Setting aside the Parties' dispute about the contents and procedures of the Notice of Abandonment, in which the Court sees no error, the Bankruptcy Court explained that "the Building was included in the Debtors' schedules . . . and was not administered in this case," so it was properly "abandoned to the Debtor when the case closed." *In re Estiatorio*, 669 B.R. at 689. (*See also* Appellee's Br. 36.) The Building was, indeed, clearly listed in Appellee's schedules. *See* Pet. & Schedules 11, *In re: Estiatorio Ent. Ltd.*, No. 21-22665 (Bankr. S.D.N.Y. Dec. 4, 2024) (answering "yes" to whether the debtor "own[s] or lease[s] any real property," listing the Building, its address, and its value, and writing "owner" as

III. Conclusion

For the reasons set forth above, the Order appealed from is affirmed. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated: August 4, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge

---

the nature of its interest in the Building). And the Bankruptcy Court noted it was not specifically administered. *In re Estiatorio*, 669 B.R. at 689. So, it was abandoned. *See Taylor v. Fin. Recovery Servs.*, 252 F. Supp. 3d 344, 350 (S.D.N.Y. 2017) ("Properly scheduled property that has not been administered by the trustee at the close of the bankruptcy is abandoned, *i.e.*, returned to the debtor by operation of law."); *Goldson v. Kral, Clerkin, Redmond, Ryan, Perry & Van Etten, LLP*, No. 13-CV-2747, 2014 WL 4061157, at *4 (S.D.N.Y. July 11, 2014) (same), *report and recommendation adopted*, 2014 WL 3974584 (S.D.N.Y. Aug. 13, 2014). Accordingly, for this reason, too, reopening would not afford Appellant the relief it seeks.

The Court finally notes that, as the Bankruptcy Court explained, "the Debtor has whatever rights it has with respect to property abandoned to it and did not gain any additional rights by virtue of the bankruptcy," and "[t]hese issues can be litigated in state court." *In re Estiatorio*, 669 B.R. at 689 n.8; *see also In re Tri-Glied, Ltd.*, 179 B.R. 1014, 1018 (Bankr. E.D.N.Y. 1995) ("By abandoning property . . . it reverts to the position it occupied prior to the bankruptcy."); *In re Sherrell*, No. 95-MC-3530, 1996 WL 550169, at *5 (N.D.N.Y. Sept. 23, 1996) (explaining that "abandoned property reverts to the debtor and stands as if no bankruptcy petition was filed," and holding that while the bankruptcy court lacked jurisdiction over a dispute over certain abandoned property, that "does not preclude [the debtors] from litigating these issues in an appropriate forum").